```
        IN THE UNITED STATES DISTRICT COURT
     FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT BLUEFIELD
```

CAI DESIGN, INC., a New
York corporation,

    Plaintiff,

v.                                    CIVIL ACTION NO. 1:20-00242

PHOENIX FEDERAL #2 MINING, LLC,
a West Virginia limited liability
company; PHOENIX ENERGY RESOURCES,
LLC, a West Virginia limited
liability company; and JOHN F.
HALE, JR, an individual,

    Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the court are two motions relating to scheduling.  The first is the motion of defendant John F. Hale, Jr. ("Hale") to modify the scheduling order.  (ECF No. 33.)  The second is the motion of plaintiff to reschedule the pretrial conference.  (ECF No. 71.)  The court will grant the first motion in part and deny it as moot in part.  The court will deny the second motion as moot.

The first motion asks the court to extend the scheduling order deadlines by three months.  Since Hale filed this motion, the court has entered amended scheduling orders that render much of the motion moot.  However, the motion is not moot as to

Hale's request to extend the discovery deadline. Hale represents that "[d]ue to [his] health, he was unable to participate in discovery or meet with counsel, which significantly impacted his ability to defend himself as an individual in this matter." (ECF No. 33, at 1.) His health issues are related to cancer, for which he has undergone treatment during this litigation. (See id.)

Federal Rule of Procedure 16(b)(4) provides for amendment of a scheduling order upon a showing of good cause.

> The question before the court is whether [Hale] has shown that despite [his] counsel's diligence and good faith efforts the discovery deadlines could not be met and that there is a good cause to permit additional discovery at this late stage in the litigation.

Innovative Therapies, Inc. v. Meents, 302 F.R.D. 364, 384 (D. Md. 2014).

Hale's health issues are not insignificant. On the other hand, the court cannot reopen discovery entirely without substantial prejudice to plaintiff. Moreover, it is unclear why Hale did not hire counsel initially instead of attempting to represent himself while he was undergoing serious treatment. The court finds that there is good cause for a very limited reopening of discovery (especially given the limited scope of the issues in this case). The court will reopen discovery so that Hale may take the deposition of Ms. Bessie Yifei Cai. In fairness to plaintiff, given the lapse of time, plaintiff must

be given the opportunity to re-depose Hale. The parties must complete these depositions on or before October 29, 2021.

In the second motion, plaintiff asks the court to reschedule the pretrial conference. Because the court has since done so, (see ECF No. 82), this motion is now moot, and the court will deny it as such.

For the reasons expressed above, Hale's motion to amend the scheduling order (ECF No. 33) is **GRANTED** in part and **DENIED** in part; and plaintiff's motion to reschedule the pretrial conference (ECF No. 71) is **DENIED** as moot.

The Clerk is directed to send a copy of this Memorandum Opinion and Order to counsel of record.

**IT IS SO ORDERED** this 28th day of September, 2021.

ENTER:

David A. Faber
Senior United States District Judge